# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAMALA HARRIS, et al.,<br><br>　　　　Defendants. | Case No.  1:14-cv-0289-AWI-MJS<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFF'S ACTION BECAUSE IT IS FRIVOLOUS AND FAILS TO STATE A CLAIM<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

On March 3, 2014, Tony Hill ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Compl., ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any

filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II. PLAINTIFF'S CLAIMS

Plaintiff is currently housed at Wasco State Prison ("WSP"), where the events at issue in his Complaint occurred. Plaintiff names the following individuals as defendants in their official and individual capacities: 1) Kamala Harris, Attorney General of California; 2) the Grand Jury of Kern County; and 3) Lisa Green, District Attorney of Kern County.

Plaintiff's allegations may be summarized as follows:

Plaintiff was falsely accused of battery on a peace officer and filed a grievance to correct the mistake. (Compl. at 4.) In response, on January 27, 2014, Correctional Officers Bienvenides and Reyes gave Plaintiff an apple which Plaintiff believed was laced with cyanide because he saw a "syringe imprint" on it. (Id.) These officers acted on orders of the California Department of Corrections and Rehabilitation ("CDCR"), Warden Katavich, Correctional Officer Hieto, and Correctional Officer Ayala. (Id. at 5.) Prison staff came to Plaintiff's cell and stared at him for thirty-minutes to see if he reacted to the cyanide. (Id. at 4.)

2

Plaintiff had his food, especially his apples, tampered with from September 25, 2013, to February 2, 2014. (Compl. at 5-6.) Plaintiff's apples were tampered with because certain correctional officers were racist. (Id. at 6.) He also was provided spoiled food. (Id. at 5.)

Plaintiff informed Defendant Harris of the problems with his food, but she refused to intervene. (Compl. at 6.) He informed a Kern County Grand Jury of his problems but they also failed to help. (Id. at 7.)

Plaintiff asks for monetary damages and an injunction directing that he be immediately transferred to another prison.

## III.   ANALYSIS

### A.   42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B.   Analysis

Plaintiff's Complaint is frivolous.

A complaint is frivolous if it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (quotation marks omitted); Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996); Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).


Plaintiff alleges a vast conspiracy among the CDCR and its employees to poison Plaintiff with poisoned apples and spoiled food.  Plaintiff sues not the employees, but the California Attorney General, a district attorney and a grand jury because they did not come to his aid and protect him from being poisoned.

The Court finds that Plaintiff's Complaint is frivolous and devoid of factual support or arguable question of law.  See Neitzke, 490 U.S. at 327–328.  No useful purpose would be served by giving Plaintiff leave to amend to try again to assert the poison apple conspiracy.

## IV.    **CONCLUSION AND RECOMMENDATION**

Plaintiff's Complaint fails to state any claims upon which relief may be granted and the deficiencies at issue are not capable of being cured through amendment. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Additionally, the Court finds that Plaintiff's complaint is frivolous.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (quotation marks omitted); Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996); Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted and as frivolous.  The Court also recommends that the dismissal of this action qualifies as a strike under 28 U.S.C. § 1915(g).  Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 28, 2014                                      /s/ *Michael J. Seng*
                                                             UNITED STATES MAGISTRATE JUDGE